```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
UNITED STATES OF AMERICA
                                                    AFFIRMATION IN SUPPORT OF
        –against–                                   DEFENDANT'S MOTIONS

LENIZ ESCOBAR,                                      21-CR-101 (JFB)

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
```

JESSE M. SIEGEL, an attorney admitted to practice before the courts of the State of New York and this Court, hereby affirms that the following statements are true or believed to be true to the best of my knowledge:

1. I am one of the attorneys for LENIZ ESCOBAR, a defendant in the above-entitled action. I make this affirmation in support of Ms. Escobar's various motions.

2. All statements herein are made on information and belief, and are based upon my review of the discovery provided to date, review of media coverage, and conversations with Ms. Escobar, Assistant United States Attorneys Paul G. Scotti, John Durham, Justina Geraci and Megan Farrell, and others.

3. Leniz Escobar and co-defendant Anderson Sanchez are charged in a five-count indictment with participating in a highly publicized case alleging their associations with La Mara Salvatrucha, also known as the MS-13, and participation in a heavily-publicized murder of four young men: Justin Llivicura, Michael Lopez, Jorge Tigre and Jefferson Villalobos. It is alleged that Ms. Escobar, 17 years old at the time, and another female juvenile lured five men believed to be members of the rival 18th Street Gang to a secluded, wooded area of a Central Islip park,

where members of MS-13 ambushed them and killed the four, while a fifth escaped. She is charged with Racketeering, 18 U.S.C. § 1961(1) and (5), (Count One); and four counts of Murder in Aid of Racketeeering, 18 U.S.C. §§ 1959(a)(1), 2 and 5032 et seq (Counts Two through Five.) Counts Two through Five each allege Ms. Escobar and Anderson Sanchez, "for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder" the victim named in that count.

### Disclosure of *Brady* and *Giglio* Material

4. On March 5, 2021, the Court issued an Order pursuant to F.R.Cr.P. 5(f), requiring the government to disclose to the defense all information required to be disclosed pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963), and progeny.

5. In its Order, the Court noted the prosecution is required to disclose "all information 'favorable to an accused' that is 'material either to guilt or to punishment,'" known to the prosecution, "regardless of whether the information would itself constitute admissible evidence." Moreover, the government "must also disclose any information that can be used to impeach the trial testimony of a prosecution witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny."

6. The government has so far produced two sets of such disclosures, by letters dated March 3, 2021, and September 14, 2021. On September 17, 2021, we sent a letter to the

government requesting additional information pursuant to the government's *Brady* and *Giglio* obligations. A copy of the letter is attached hereto as Exhibit A[1].

7. On information and belief, the government has additional information in its files that would be "favorable to" Ms. Escobar and "material either to guilt or to punishment," and/or "information that can be used to impeach the trial testimony of a prosecution witness within the meaning of *Giglio v. United States*, 405 U.S. 150 (1972), and its progeny." We request the Court order the government to disclose any such information.

8. It is anticipated that the government's case against Ms. Escobar will rely on the testimony of cooperating witnesses and confidential informants. It is unlikely the government will present such witnesses without fully debriefing them concerning their criminal activities. Any such information would clearly tend to undermine the credibility of such witnesses and should be immediately disclosed to the defense as *Brady/Giglio* material.

9. Additionally, the indictment alleges Ms. Escobar knowingly and intentionally murdered each of the victims. The government's disclosure of September 14, 2021 indicates they have interviewed at least six people they consider co-conspirators. The discovery shows the government possesses information regarding the planning and sanctioning of the murders. If any witness has said Ms. Escobar was not present at any of the meetings at which the murders were planned, or failed to include her as being among those present, or provided other information indicating she may not have known MS-13 planned to murder the victims, or that the murders had been sanctioned by leaders of the MS-13, this would be favorable to her and material.

---

[1] Because the letter includes the names of individuals we believe have met with the government in efforts to cooperate, or may actually be cooperating, we are filing a redacted copy of these motions and the exhibit on the public docket, and ask that the un-redacted motions and exhibit be filed under seal.

10. On information and belief, at least one individual, ▇▇▇▇▇▇▇▇, who pled guilty and has been sentenced, met with the government and provided this type of information. The Court should order that his proffer notes be disclosed.

11. The discovery indicates that members and associates of MS-13, and others involved in this case, have communicated while incarcerated through the use of third-party calls. On information and belief, at least one witness the government intends to call at trial, ▇▇▇▇ ▇▇▇▇, has communicated with members of MS-13 in this manner, while cooperating or attempting to cooperate. Clearly, such information could be used to cross-examine the witness, and the government should be required to disclose this information. Moreover, the government should be ordered to investigate the witness' calls and disclose any *Giglio* material. In the alternative, we ask that the Court sign a subpoena that allows us to obtain the witness's jail calls.

12. On information and belief, some of the government's witnesses provided statements about the crime that were inconsistent with the testimony they are expected to give at trial. At least one of the witnesses, ▇▇▇▇▇▇▇▇, was interviewed by the Suffolk County Police Department within a day or two of the murders but not arrested. Such a statement is likely to be both exculpatory as to Ms. Escobar, and useful on cross-examination. The government should be required to disclose any such statements.

**Disclosure of Rule 16 Discovery**

13. In our letter attached hereto as Exhibit A, we asked the government to disclose any discovery required to be disclosed pursuant to F.R.Cr.P. 16(a), if it has not already done so. While we do not have information that the government has failed to provide such discovery, we

ask that the Court issue an order reminding the government of its obligation to provide any such discovery.

14. It is anticipated that the government may seek to introduce at trial testimony and evidence regarding scientific tests conducted as part of the investigation of this case, as well as related expert testimony. This may include, but not be limited to, evidence and testimony regarding crime scene evidence and medical examination of the deceased.

15. Pursuant to F.R.Cr.P. 16(a)(1)(F), we seek an order requiring the government to disclose and make available for inspection and copying the "results or reports of any physical or mental examination and of any scientific test or experiment" within the government's possession, custody or control, or the existence of which the government knows or could know through the exercise of due diligence, if "the item is material to preparing the defense or the government intends to use the item in its case-in-chief at trial."

16. As to any expert witnesses, we request an order pursuant to F.R.Cr.P. 16(a)(1)(G) requiring the government to provide "a written summary of any testimony that the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial." Such summary should "describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications."

**Disclosure of Other Crimes, Wrongs, or Acts**

17. The government has not disclosed whether it intends to seek to introduce at trial evidence of other crimes, wrongs, or acts of Ms. Escobar, pursuant to Federal Rule of Evidence

404(b). Such information is necessary for adequate trial preparation. We therefore seek an order pursuant to the general supervisory power of this Court requiring the government to disclose any Rule 404(b) evidence immediately.

### Change of Venue

18. As detailed in the affirmation of co-counsel N. Keith White, Esq., and Memorandum of Law submitted by him, this case has received an enormous amount of prejudicial pre-trial publicity. There has also been a huge amount of media coverage of other violent crimes committed by members and associates of MS-13 on Long Island. As argued in the Memorandum, this will make it impossible to select a fair and impartial jury on Long Island, and make it impossible for Ms. Escobar to receive a fair trial in Central Islip. For these reasons, the Court should order a change of venue.

### Further Motions

19. The government may provide additional discovery. We request permission to file additional motions should these become necessary as the result of such additional discovery.

### Motions of Co-Defendants

20. We reserve the right to join motions of co-defendant Anderson Sanchez applicable to Ms. Escobar.

**<u>Conclusion</u>**

For the foregoing reasons, we respectfully request the Court grant the pre-trial motions of Leniz Escobar in their entirety.

Dated: September 21, 2021
       New York, New York

                                      Respectfully submitted,

                                      /s/
                                      Jesse M. Siegel
                                      *Attorney for Defendant Leniz Escobar*

                                      299 Broadway, Suite 800
                                      New York, NY 10007
                                      (212) 207-9009