# Exhibit A

JJD:PGS/JLG/MEF
F. #2021R00153

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 25 2021 ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

LENIZ ESCOBAR,
    also known as "Diablita," and
ANDERSON SANCHEZ,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

INDICTMENT

Cr. No. **CR 21 101**
(T. 18, U.S.C., §§ 1959(a)(1), 1962(c),
1963, 2 and 3551 et seq.)

**HURLEY, J.**

**TISCIONE, M.J.**

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

### The Enterprise

1.     La Mara Salvatrucha, also known as the MS-13, (hereinafter the "MS-13" or the "enterprise") was a transnational criminal organization with members located throughout Long Island, New York, Queens, New York and elsewhere. Members and associates of the MS-13 have engaged in acts of violence, including murder, attempted murder, robbery, kidnapping and assault, as well as other criminal activity, including narcotics trafficking, extortion, witness tampering and witness retaliation.

2.     The defendants LENIZ ESCOBAR, also known as "Diablita," and ANDERSON SANCHEZ were associates of the MS-13.

3.      The MS-13, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

## Purposes of the Enterprise

4.      The purposes of the enterprise included the following:

   a.   Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations.

   b.   Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including assault and murder.

   c.   Keeping victims and rivals in fear of the enterprise and its members and associates.

   d.   Enriching the members and associates of the enterprise through criminal activity, including robbery, extortion and narcotics trafficking.

   e.   Ensuring discipline within the enterprise and compliance with the enterprise's rules by members and associates through threats of violence and acts of violence.

Means and Methods of the Enterprise

5. Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

    a. Members of the MS-13 and their associates committed, attempted to commit and threatened to commit acts of violence, including murder, attempted murder, robbery, kidnapping and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations.

    b. Members of the MS-13 and their associates used and threatened to use physical violence against various individuals, including members of rival criminal organizations and MS-13 members who violated the enterprise's rules.

    c. Members of the MS-13 and their associates used, attempted to use and conspired to use robbery, extortion and narcotics trafficking as means of obtaining money.

COUNT ONE
(Racketeering)

6. The allegations contained in paragraphs one through five are realleged and incorporated as if fully set forth in this paragraph.

7. On or about and between January 1, 2016 and the date of this Indictment, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LENIZ ESCOBAR, also known as "Diablita," and ANDERSON SANCHEZ, together with others, being persons employed by and associated with the MS-13, an enterprise engaged in, and the activities of which affected, interstate and

foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the MS-13 through a pattern of racketeering activity, as defined by Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

### RACKETEERING ACT ONE
(Conspiracy to Murder Rival Gang Members)

8. In or about and between March 2017 and April 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants LENIZ ESCOBAR and ANDERSON SANCHEZ, together with others, did knowingly and intentionally conspire to cause the death of one or more rival gang members, in violation of New York Penal Law Sections 125.25(1) and 105.15.

### RACKETEERING ACT TWO
(Murder of Justin Llivicura)

9. On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants LENIZ ESCOBAR and ANDERSON SANCHEZ, together with others, with intent to cause the death of another person, to wit: Justin Llivicura, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

### RACKETEERING ACT THREE
(Murder of Michael Lopez)

10. On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants LENIZ ESCOBAR and ANDERSON SANCHEZ, together with others, with intent to cause the death of another person, to wit: Michael Lopez, did

knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

### RACKETEERING ACT FOUR
(Murder of Jorge Tigre)

11. On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants LENIZ ESCOBAR and ANDERSON SANCHEZ, together with others, with intent to cause the death of another person, to wit: Jorge Tigre, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

### RACKETEERING ACT FIVE
(Murder of Jefferson Villalobos)

12. On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants LENIZ ESCOBAR and ANDERSON SANCHEZ, together with others, with intent to cause the death of another person, to wit: Jefferson Villalobos, did knowingly and intentionally cause his death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

### RACKETEERING ACT SIX
(Conspiracy to Obstruct Justice)

13. On or about and between April 11, 2017 and July 13, 2017, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant LENIZ ESCOBAR, together with others, did knowingly and intentionally conspire to (a) corruptly alter, destroy, mutilate and conceal one or more objects, to wit: a cellular telephone, a SIM card and an article of clothing, with the intent to impair the objects' integrity and availability for use in an official proceeding, to wit: a

federal grand jury investigation in the Eastern District of New York into the offenses alleged in Racketeering Acts One through Five and charged in Counts Two through Five, contrary to Title 18, United States Code, Section 1512(c)(1); and (b) corruptly obstruct, influence and impede an official proceeding, to wit: a federal grand jury investigation in the Eastern District of New York into the offenses alleged in Racketeering Acts One through Five and charged in Counts Two through Five, contrary to Title 18, United States Code, Section 1512(c)(2), in violation of Title 18, United States Code, Section 1512(k).

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

COUNT TWO
(Murder of Justin Llivicura in Aid of Racketeering)

14. At all times relevant to this Indictment, the MS-13, as more fully described in paragraphs one through five, which are realleged and incorporated as if fully set forth in this paragraph, including its leadership, membership and associates, constituted an "enterprise" as defined in Section 1959(b)(2) of Title 18, United States Code, that is, a group of individuals associated in fact that was engaged in, and the activities of which affected, interstate and foreign commerce. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

15. At all times relevant to this Indictment, the MS-13, through its members and associates, engaged in racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and 1961(1), that is, acts and threats involving murder, extortion and robbery, that are chargeable under New York Penal Law and punishable by imprisonment for more than one year, acts indictable under Title 18, United States Code,

Sections 1512 (relating to tampering with a witness, victim or informant) and 1513 (relating to retaliating against a witness, victim or informant), and offenses involving narcotics trafficking, punishable under Title 21, United States Code, Sections 841 and 846.

16. On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants LENIZ ESCOBAR, also known as "Diablita," and ANDERSON SANCHEZ, together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Justin Llivicura, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT THREE
(Murder of Michael Lopez in Aid of Racketeering)

17. The allegations contained in paragraphs one through five and 14 through 15 are realleged and incorporated as if fully set forth in this paragraph.

18. On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants LENIZ ESCOBAR, also known as "Diablita," and ANDERSON SANCHEZ, together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Michael Lopez, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

8

## COUNT FOUR
(Murder of Jorge Tigre in Aid of Racketeering)

19. The allegations contained in paragraphs one through five and 14 through 15 are realleged and incorporated as if fully set forth in this paragraph.

20. On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants LENIZ ESCOBAR, also known as "Diablita," and ANDERSON SANCHEZ, together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Jorge Tigre, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FIVE
(Murder of Jefferson Villalobos in Aid of Racketeering)

21. The allegations contained in paragraphs one through five and 14 through 15 are realleged and incorporated as if fully set forth in this paragraph.

22. On or about April 11, 2017, within the Eastern District of New York and elsewhere, the defendants LENIZ ESCOBAR, also known as "Diablita," and ANDERSON SANCHEZ, together with others, for the purpose of gaining entrance to and maintaining and increasing position in the MS-13, an enterprise engaged in racketeering

9

activity, did knowingly and intentionally murder Jefferson Villalobos, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

A TRUE BILL

*[signature]*
FOREPERSON

*[signature]*
SETH D. DuCHARME
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2021R00153
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN *District of* NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

LENIZ ESCOBAR, *also known as "Diablita,"*
and ANDERSON SANCHEZ,

Defendants.

## INDICTMENT
(T. 18, U.S.C., §§ 1959(a)(1), 1962(c), 1963, 2 and 3551 et seq.)

*A true bill.*

_____ *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ A.D. 20 _____

_____ *Clerk*

*Bail, $* _____

*Paul G. Scotti, Assistant U.S. Attorney (631) 715-7900*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ FEB 25 2021 ★

LONG ISLAND OFFICE

# INFORMATION SHEET

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

1. Title of Case: <u>United States v. Leniz Escobar, et al.</u>

2. Related Magistrate Docket Number(s): **CR 21 101**

3. Arrest Date: <u>7/13/2017</u>

   HURLEY, J.

4. Nature of offense(s):   ☒ Felony
                            ☐ Misdemeanor

   TISCIONE, M.J.

5. Related Cases - Title and Docket No(s). (Pursuant to Rule 50.3.2 of the Local E.D.N.Y. Division of Business Rules): <u>17-CR-367 and 17-CR-362</u>

6. Projected Length of Trial:   Less than 6 weeks   ☒
                                 More than 6 weeks   ☐

7. County in which crime was allegedly committed: <u>Suffolk</u>
   (Pursuant to Rule 50.1(d) of the Local E.D.N.Y. Division of Business Rules)

8. Was any aspect of the investigation, inquiry and prosecution giving rise to the case pending or initiated before March 10, 2012.[1]   ☐ Yes   ☒ No

9. Has this indictment/information been ordered sealed?   ☐ Yes   ☒ No

10. Have arrest warrants been ordered?   ☐ Yes   ☒ No

11. Is there a capital count included in the indictment?   ☐ Yes   ☒ No

SETH D. DuCHARME
Acting United States Attorney

By: _____
Paul Scotti
Assistant U.S. Attorney
(631) 715-7836

---

[1] Judge Brodie will not accept cases that were initiated before March 10, 2012.

Rev. 10/04/12